UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DINORAH SANTIAGO-BORGES,

    Plaintiff,

v.                             Case No: 8:17-cv-781-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff, Dinorah Santiago-Borges, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff protectively filed an application for a period of disability and DIB on February 6, 2012, alleging an onset date of November 2, 2011. (Tr. 57). Plaintiff's claims were denied initially on October 9, 2012, and upon reconsideration on October 15, 2013. (Tr. 292-95, 297-99). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Harold Glanville on April 21, 2015. (Tr. 251-63). On July 1, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 57-72). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on February 3, 2017. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on April 3, 2017. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 2, 2011, the alleged onset date. (Tr. 59). At step two, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disease, lumbar strain and mood disorder with depressive features. (Tr. 59). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically

equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 60).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except that she needs to alternate positions between sitting and standing at intervals of 2 hours in an 8-hour workday. She can perform occasional bilateral fine manipulation and fingering and frequent gross manipulation and handling. She can perform unskilled, simple and repetitive work. She can engage in frequent use of judgment for unskilled tasks and respond appropriately to supervision, coworkers, work situations and work changes. She can occasionally attend the public.

(Tr. 62). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a transcribing machine operator and administrative secretary. (Doc. 65).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 65). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working such jobs as puncher, router, and marker II-labeler. (Tr. 65). The ALJ concluded that Plaintiff was not under a disability from November 2, 2011, through the date of the decision, July 1, 2015. (Tr. 66-67).

**II.    Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to resolve a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles; and (2) whether the ALJ erred by relying on the testimony of a vocational expert elicited in response to an incomplete hypothetical question. The Court will address each issue in turn.

### a) Whether the ALJ erred by failing to resolve a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles.

Plaintiff contends that the hypothetical question posed to the vocational expert ("VE") asked the VE to assume an individual limited to "frequent" gross manipulation and handling, but the third job identified by the VE, "marker II," requires "constant handling. (Doc. 16 p. 5). Plaintiff argues that the ALJ had a duty to look at the job description to confirm that the VE's testimony was consistent with the DOT and the ALJ's failure to do so was a violation of Social Security Ruling ("SSR") 00-4p. (Doc. 16 p. 6). Plaintiff also argues that the Court should not find this error harmless because the Court should leave it up to the ALJ whether the other two jobs identified by the ALJ constitute a significant number of jobs in the national economy that Plaintiff could perform. (Doc. 16 p. 6).

Defendant argues that the ALJ complied with SSR 00-4p by asking the VE whether his testimony was consistent with the DOT. (Doc. 16 p. 8). Defendant contends that he was not required to further question the VE regarding a possibility of a conflict or to engage in an in-depth examination of the contents of the DOT. (Doc. 16 p. 9).

The purpose of SSR 00–4p is to clarify the standards for use of a vocational expert at a hearing, and requires administrative law judges to "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT) ..." SSR 00–4p.

> When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00–4p. The Court notes that "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference ..." *Klawinski v. Comm'r of Soc. Sec.,* 391 F. App'x 772, 775 (11th Cir. 2010).

In this case, the Court finds that the ALJ committed no error by failing to resolve a conflict between the DOT and the VE's testimony. The record shows that at the administrative hearing, the ALJ posited the following hypothetical individual:

> A young person with two years of college and a vocational profile of sedentary work and this person has the following functional limitations: They cannot do hard or medium work. They must do light work that the only thing they require would be bilateral fine manipulation occasionally. Only a third part of the routine labor. But she can do heavy manipulation and movement of objects bilaterally frequently. They are only limited in their fine motor skills bilaterally occasionally. They need to have positions in between standing and sitting and change every two hours. The work must be simple and repetitive. Could this person return to work that requires frequent use for novice tasks? The work must be novice and repetitive with common sense for novice tasks frequently. They can respond appropriately to their supervisors, co-workers, job situations, and changes in their work routine but they can only tend to the public only occasionally.

(Tr. 260-61). The VE then testified that given these limitations, such an individual could perform the duties of puncher, router preparing machine, and marker II. (Tr. 261). Following this testimony, the ALJ asked the VE whether the VE's testimony was consistent with the DOT, to which the VE responded, "They are consistent with the vocational dictionary. And as I stated earlier, with the book of Selected Characteristics of Occupation." (Tr. 262). The vocational

expert's testimony thus provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work and was not disabled.

The Court rejects Plaintiff's argument that the ALJ had a duty to "at least look" at the job descriptions. SSR 00-4p does not require an ALJ to independently investigate whether a conflict exists, it simply requires that that ALJ ask the vocational expert if a conflict does exist, and if a conflict exists, then the ALJ must explain and resolve the conflict. *See*, *e.g. Martin v. Commissioner of Social Security*, 170 Fed. App'x. 369, 374 (6th Cir. 2006) ("'Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct'" [citation omitted]).

b) **Whether the ALJ erred by relying on the testimony of a vocational expert elicited in response to an incomplete hypothetical question.**

Plaintiff argues that the hypothetical question posed to the VE was incomplete because it did not include the fact that Plaintiff cannot read, write, speak, or understand English. (Doc. 16 p. 11). Plaintiff contends that the jobs identified by the VE all require the ability to read English. (Doc. 16 p. 12). Plaintiff argues that the case should be remanded for the ALJ to obtain additional VE testimony. (Doc. 16 p. 12).

In response, Defendant argues that an ALJ is not required to explicitly include the limitation that Plaintiff cannot communicate in English in a hypothetical question to a VE. (Doc. 16 p. 13). Defendant argues that Plaintiff's ability to communicate in English is an educational factor that was incorporated in the hypothetical by the ALJ asking the VE to consider an individual with Plaintiff's education. (Doc. 16 p. 13). Further, Defendant argues that Plaintiff could perform the jobs identified by the ALJ even if she was unable to communicate in English. (Doc. 16 p. 14).

At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. *Winchel v. Comm'r of Social Security*, 631 F.3d

1176, 1180 (11th Cir. 2011). An ALJ may use the Medical Vocation Guidelines or may obtain the testimony of a vocational expert to determine whether there a jobs that exist in the national economy that a claimant can perform. *Id*. If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, the hypothetical question posed to the VE described "a young person with two years of college" and made no mention of an inability to communicate in English. (Tr. 260). There was no discussion of Plaintiff's English language skills at the hearing and there is no indication that the VE was aware of Plaintiff's inability to communicate in English at the hearing. If Plaintiff's English communication skills were discussed at the hearing or there was an indication the VE had considered Plaintiff's English communication skills, then Defendant's argument would be persuasive. *See, e.g. Baez v. Astrue*, 2008 WL 4296556, at *3 (M.D. Fla. Sept. 19, 2008) (noting that the hypothetical question specified an individual with the claimant's education and that the VE knew the extent of the claimant's English skills). Here, however, there is nothing in the record to suggest the VE was aware of Plaintiff's English communication skills. For this reason, the Court rejects Defendant's argument that the ALJ incorporated Plaintiff's inability to communicate in English in the hypothetical question. As the hypothetical question posed to the VE did not comprise all of Plaintiff's impairments, substantial evidence does not support the ALJ's step five finding.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent

with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties